IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ABBAGAYLE MARIE MAGET                                                                    PLAINTIFF
a/k/a KEVIN LEE MAGET
ADC # 159556

v.                                           4:24CV00208-BSM-JTK

SHAWN RICHARD, et al.                                                                  DEFENDANTS

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.      Introduction**

Abbagayle Marie Maget a/k/a Kevin Lee Maget ("Plaintiff") is incarcerated at the Tucker Unit of the Arkansas Division of Correction ("ADC"). Plaintiff sued Psychiatrists Shawn Richard and Natalie Brush-Strode, along with Mental Health Counselor Tracee Brown, alleging deliberate indifference to Plaintiff's serious mental health needs in connection with Plaintiff's gender dysphoria. (Doc. No. 2). Plaintiff's claims against Defendants Brush-Strode and Brown have been dismissed. (Doc. Nos. 19, 24, 40, 43) Plaintiff's claims against Defendant Richard remain pending.

Defendant Richard filed a Motion for Summary Judgment on the merits of Plaintiff's claims, Brief in Support, and Statement of Facts. (Doc. Nos. 50-52). Plaintiff has responded. (Doc. No. 54).

After careful consideration of the record before me and for the reasons explained below, I recommend Defendant Richard's Motion be granted.

## II. Plaintiff's Claims

Plaintiff's statement of claim reads:

> Plaintiff has lived his life as a transgender and identifies himself as a female. At birth the Plaintiff was labeled as being a female on his birth certificate (see Exhibit B-1 at Box 4). On January 9, 2024, Plaintiff was granted a name change from Kevin Lee Maget to Abbagayle Marie Maget. (See Exhibit B2). On November 6, 2023, Grievance number TU-23-00598 was filed. Because Dr. Brush-Strode nor Dr. Richard (listed as Richmond in grievance) took the Plaintiff seriously about being a transgender and suffering with gender dysphoria and flatly refused to recommend the Plaintiff to the gender dysphoria committee. Ms. Brown has failed to counsel Plaintiff in regards to his/her mental health and has forced him/her to suffer depression. Ms. Brown has failed to place recommendations to see Dr. Richard. She has also failed as a mental health counselor. She has absolutely no idea how to handle transgender inmates and has refused treatment. Dr. Richard and Mrs. Brown has failed to read Plaintiff's mental health file from Ouachita River Correctional Unit. The proof is clearly listed in the Grievance that Dr. Brush-Strode, Dr. Richard, and Ms. Brown has refused to treat the gender dysphoria and recommend the Plaintiff to the gender dysphoria committee so the Plaintiff can be placed on hormone replacement therapy. They have stated there is no need for mental health treatment and do not care about the severe state of depression Plaintiff is forced to suffer with each and every day. Plaintiff is entitled to the requested relief.

(Doc. No. 2 at 4).

## III. Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

IV.   **Discussion**

    A.   **Personal Capacity Claims**

Plaintiff brought suit under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing

3

Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).  Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.  See Iqbal, 556 U.S. at 678.

Plaintiff alleged deliberate indifference to his serious medical needs.  The Eighth Amendment prohibits cruel and unusual punishment.  U.S. CONST. AMEND. VIII.  This prohibition gives rise to the government's duty to provide medical care to prisoners.  "The government has an 'obligation to provide medical care for those whom it is punishing by incarceration."  Allard v. Baldwin, 779 F.3d 768, 772 (8th Cir. 2015) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)).  It follows that the "Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners."  Robinson v. Hager, 292 F.3d 560, 563 (8th Cir. 2002) (internal citation omitted).  "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'"  Schuab v. VonWald, 638 F.3d 905, 914 (8th Cir. 2011) (internal citation omitted).  "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs."  Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).  To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need.  See Washington v. Denney, 900 F.3d 549, 559 (8th Cir. 2018); McRaven v. Sanders, 577 F.3d 974, 981 (8th 2009).

Plaintiff claims Defendant Richard was deliberately indifferent to Plaintiff's gender dysphoria and mental health needs, including Plaintiff's severe state of depression.  (Doc. No. 2

4

at 4). The undisputed facts reveal that Plaintiff had only one visit with Defendant Richard and no other established contact in person or otherwise.

Defendant Richard's Statement of Undisputed Facts begins with a history of Plaintiff's visits with Dr. Brush-Strode at the Ouachita River Unit before Plaintiff's transfer to the Tucker Unit on September 22, 2023. (Doc. No. 52 at ¶¶ 2-5). Plaintiff then was seen by Defendant Richard at the Tucker Unit on October 10, 2023. (Id. at ¶ 6). Plaintiff does not dispute that he was seen by Defendant Richard on that date. (Doc. No. 54). And Plaintiff does not dispute the authenticity of the medical records Dr. Richard provided in support of his Motion. (Id.). The notes from Plaintiff's October 10, 2023, visit with Dr. Richard provide:

> PT doing "alright." Recent transfer from Malvern who denies any difficulty in the new unit. Pt arrives here on no medications diagnosed c a PD. Only question today is about GD. Review of previous contacts with Dr. Brush-Strode indicate the dx could not be justified based on his reports/presentation including historical context which we discussed today. Pt relaxed, polite, coop, and appears to be taking good care of himself. Pt did not present in distress or with any clear evidence of impairment.

(Doc. No. 52-5 at 1). Defendant Richard reviewed Dr. Brush-Strode's notes from the Ouachita Unit and found the diagnosis of gender dysphoria could not be supported based on Plaintiff's "reports/presentation including historical context which [Plaintiff and Defendant Richard] discussed [that day]." (Id.). Defendant Richard found there was "[n]o indication to start pt on any psychotropic medications at this time. PT verbalized an understanding of how to contact MH in the future" if needed. (Id.).

During Plaintiff's October 10, 2023, visit with Defendant Richard, Plaintiff did not express that he was depressed or suffering from any other mental health condition for which he sought medication. If Plaintiff needed medication at that time, nothing in the record establishes

5

Defendant Richard's knowledge of that need. Without such knowledge, Plaintiff cannot show indifference.

Plaintiff asserts Defendant Richard unlawfully denied Plaintiff a gender dysphoria diagnosis, thus hindering Plaintiff's efforts to seek hormone replacement therapy. Defendant Richard determined a gender dysphoria diagnosis was not supported by Plaintiff's medical history. Defendant Richard discussed with Plaintiff the reason for that conclusion. "[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." Nelson v. Shuffman, 603 F.3d 439, 449 (8th Cir. 2010). And Plaintiff has no right to a particular course of treatment. Barr v. Pearson, 909 F.3d 919, 921 (8th Cir. 2018). Defendant Richard's determination regarding a gender dysphoria diagnosis was an exercise of medical judgment rather than deliberate indifference to Plaintiff's needs.

Plaintiff used the kiosk on January 4, 2024, to ask with whom he needed to speak to obtain a gender dysphoria diagnosis. (Doc. No. 54 at 2). There is no evidence that Defendant Richard received Plaintiff's kiosk request. As such, Plaintiff cannot establish Defendant Richard's knowledge of the request or any related indifference.

On January 10, 2024, Plaintiff asked via the kiosk if information was available about the person with whom he should speak about a gender dysphoria diagnosis. (Id.). Plaintiff was told he needed to see the psychiatrist. (Id.). Plaintiff asked when that would happen. He was told that he was "PRN[1] because [he] was not on any mental health medications."[2] (Id. at 3). Plaintiff

---

[1] Plaintiff did not explain what "PRN" means in this context. PRN, or pro re nata, prescription monitoring in mental health care often refers to prescribing medication on an as-needed basis.

[2] The Court notes that Plaintiff's medical records from the Ouachita River Unit do not

6

questioned why his mental health treatment at the Tucker Unit was different than at the Ouachita River Unit and complained that his mental health needs were not being taken seriously. (Id.). There is no evidence that Defendant Richard was aware of this exchange. As a result, Plaintiff cannot establish Defendant Richard's alleged indifference.

On January 11, 2024, Plaintiff asked via the kiosk if he could speak with Defendant Richard. (Id.). After some additional exchanges, the responder said that he or she would send Defendant Richard an email. (Doc. No. 54 at 3). There is no evidence that Defendant Richard had knowledge of Plaintiff's kiosk request or any email mentioned in the response.

Plaintiff followed up on February 7, 2024, about his request to see Defendant Richard. (Id.). Plaintiff says he wrote the following message:

> It has been almost 30 days since you were supposed to email the doctor. Did you email the doctor and what did he say? I feel at this point the doctor is trying his best to sweep my issue under the rug as ignoring the issue makes it go away. I am still struggling with my male reflection and refuse to continue to live with the shame and anxiety this inadequate male body brings me. I have no plans of self-harming or suicide, etc. I just want to be the image I truly fee that I am and will never be until I feminize myself via hormone replacement therapy.

(Id. at 3-4). Nothing in the record establishes that Defendant Richard was aware of this kiosk request.

Plaintiff received the following response on February 8, 2024: "Per psychiatrist there is no reason for you to be placed on mental health medication." (Id. at 4). Nothing in the record establishes that Defendant Richard made that determination—anyone responding to Plaintiff on the kiosk could have written the statement. Even if Defendant Richard did provide the response,

---

indicate that Plaintiff was taking any medication related to his mental health needs at the time of his transfer to the Tucker Unit. (Doc. Nos. 52-1, 52-3, and 52-4).

there is no evidence that Plaintiff's position rises above a disagreement with Defendant Richard's medical judgment.

Plaintiff argues in his Response that he was diagnosed with Major Depressive Disorder in 2015 but stopped taking his medication on March 22, 2016. (Id. at 7-8). Plaintiff maintains Defendant Richard should have treated Plaintiff's Major Depressive Disorder. (Id. at 7). Again, nothing in the record establishes that Defendant Richard knew of Plaintiff's desire to be treated.

Plaintiff filed this lawsuit on March 4, 2024. Plaintiff's Response contains information about what happened after he filed this case. For example, Plaintiff sent another kiosk message on March 17, 2024, and the last kiosk message Plaintiff discussed in his Response was sent on August 6, 2025. (Doc. No. 54 at 4, 8). But Plaintiff did not seek to amend his pleading to add more recent allegations. As a result, the Court will not consider the information in Plaintiff's Response that deals with events that took place after he filed this lawsuit.

## B.     Official Capacity Claims

Plaintiff did not establish that Defendant Richard was deliberately indifferent to Plaintiff's serious medical needs. Consequently, Plaintiff's official capacity claims also fail. Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (1993) (official capacity claims against employee of third-party employer equivalent of claims against the employer); Jackson v. Buckman, 756 F.3d 1060, 1067, n.3 (8th Cir. 2014) ("Absent an underlying constitutional violation, . . . official-capacity . . . claims . . .  necessarily fail.")

Where, as here, Defendant Richard moved for summary judgment, Plaintiff "was required 'to discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.'" Fatemi v. White, 775 F.3d 1022, 1046 (8th Cir. 2015) (internal citation omitted). Plaintiff has not, however, met proof with proof to establish facts in

dispute that would preclude partial summary judgment in Defendant Richard's favor. Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor). Accordingly, Defendant Richard's Motion should be granted.

If United States District Judge Brian S. Miller adopts this Recommendation, there will be no claims pending in this case. As such, the Court will recommend that this action be dismissed.

**V.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant Richard's Motion for Summary Judgment (Doc. No. 50) be GRANTED;

2. Plaintiff's claims against Defendant Richard be DISMISSED with prejudice.[3]

3. Plaintiff's Complaint (Doc. No. 2) be DISMISSED.

Dated this 18th day of September, 2025.

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff's claims against Defendants Natalie Brush-Strode and Tracee Brown have been dismissed without prejudice. (Doc. Nos. 24, 43).